IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| In re Subpoena to Jon Mazzoli,  ) <br> ) <br> _____  ) | Civil Action No. 2:23-mc-723-RMG |

**ORDER AND OPINION**

Before the Court is Petitioner Jon Mazzoli's motion to quash subpoena. (Dkt. Nos. 1, 5). Respondent Freddie L. Williams opposes. (Dkt. No. 3). For the reasons set forth below, the Court denies Mazzoli's motion.

**I.      Background**

The underlying action this motion to quash relates to is *Freddie L. Williams v. Credit One Bank, N.A.*, No. 4:22-cv-90 (E.D. Va.). Therein Williams sues Credit One Bank, N.A. ("Credit One") for violations of the Fair Credit Reporting Act. Namely, Williams alleges Credit One issued a credit card to an individual who fraudulently used Williams's name to open an account (the "Account") and obtain a credit card which the fraudster then maxed out and never made payments on. (Dkt. No. 1-1 at 8). Credit One reported the Account to various credit agencies and when Williams discovered the Account, he disputed it with various credit agencies and then Credit One. (*Id.* at 10-12). Williams alleges Credit One failed to perform a reasonable investigation of his disputes and inaccurately confirmed that the Account belonged to him. (*Id.*).

On September 7, 2023, Williams issued to Mazzoli a subpoena to testify at a deposition in a civil action. Mazzoli is Chief Development Officer at Resurgent Capital Services, LP, which acts under a limited power of attorney as Master Servicer for debt owned by, inter alia, LVNV Funding,

LLC. (Dkt. No. 2 at 3). Mazzoli executed two Bills of Sale on behalf of subsequent owners of the Account which memorialize the transfer of a portfolio of debt containing the Account. (*Id.*).

Williams seeks to depose Mazzoli by Zoom to obtain information which Williams states he does not currently have and which is otherwise inaccessible to him. Williams claims he needs Mazzoli's testimony to show what actions "Resurgent takes in response to a fraud buyback from Credit One." (Dkt. No. 3 at 6). Williams contends this information is relevant to actual damages. (*Id.* at 11). Williams seeks to show that if Credit One had conducted "a proper investigation . . . in September 2020 [it] would have resulted in deletion of Credit One *and Resurgent*'s reporting and cessation of all collection action against" Williams. (*Id.* at 5, 12) (arguing that "when Credit One repurchases a fraudulent account, Resurgent and LVNV cease all credit reporting and collection action on the repurchased account").

Mazzoli contends that Williams already has information which establishes the above contention. Mazzoli also contends that the information sought is otherwise irrelevant to Williams's claims or defenses.

**II.     Legal Standard**

All civil discovery, whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) in two fundamental ways. First, the matter sought must be "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevance is not, on its own, a high bar. There may be a mountain of documents and emails that are relevant in some way to the parties' dispute, even though much of it is uninteresting or cumulative." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188–90 (4th Cir. 2019). Rule 26 therefore imposes another requirement: discovery must also be "proportional to the needs of the case." *Id.* Proportionality requires courts to consider, among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

"When discovery is sought from nonparties, however, its scope must be limited even more." *Id.* Nonparties are "strangers" to the litigation, and since they have "no dog in [the] fight," they have "a different set of expectations" from the parties themselves. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). "Bystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *Jordan*, 921 F.3d at 189. "For example, a party's email provider might well possess emails that would be discoverable from the party herself. But unless the email provider can offer important information that cannot be obtained from the party directly, there would be no cause for a subpoena against the provider." *Id.*

"A more demanding variant of the proportionality analysis therefore applies when determining whether, under Rule 45, a subpoena issued against a nonparty 'subjects a person to undue burden' and must be quashed or modified." *Id.*; Fed. R. Civ. P. 45(d)(3)(A)(iv). As under Rule 26, the ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient. *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018); *Citizens Union of N.Y.C. v. Att'y Gen. of N.Y.*, 269 F.Supp.3d 124, 138 (S.D.N.Y. 2017). But courts must give the recipient's nonparty status "special weight," leading to an even more "demanding and sensitive" inquiry than the one governing discovery generally. *In re Public Offering PLE Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005).

The Fourth Circuit has noted "a few [considerations] that are important here." *Jordan*, 921 F.3d at 189-90. On the benefit side of the ledger, courts should consider not just the relevance of information sought, but the requesting party's need for it. *See Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004). "The information sought must likely (not just theoretically) have marginal benefit in litigating important issues." *Jordan*, 921 F.3d at 189 (noting the court

3

means "marginal" "in the economic sense that the information must offer some value over and above what the requesting party already has, not in the sense that a mere *de minimis* benefit will suffice"). Courts should also consider what information is available to the requesting party from other sources. *Id.* (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2463.1, at 501–06 (3d ed. 2008)). To that end, the requesting party should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation—or, in appropriate cases, from other third parties that would be more logical targets for the subpoena. *Id.*

On the burden side, district courts should consider, inter alia, "the dollars-and-cents costs associated with a large and demanding document production." *Id.* (noting other considerations for a court to consider, such as the burden on other "persons" or subpoenas which are overbroad).

**III.   Discussion**

First, the Court finds that the information sought is relevant to Williams's claim for actual damages. (Dkt. No. 3 at 10-11) (noting Williams must show Credit One's investigative failures caused damage to Williams and observing Williams would show such damages by establishing that when Credit One repurchases a fraudulent account, Resurgent and LVNV "cease all credit reporting and collection action on the repurchased account").  Second, Williams correctly states that Resurgent and LVNV are entities separate from Credit One, rebutting Mazzoli's argument that Williams must first seek the requested information from Credit One before obtaining it from Mazzoli. (*Id.* at 11); *Jordan*, 921 F.3d at 189 (stating courts should consider if information sought is available from "other sources"). Third and last, the Court finds that the evidence sought has "marginal," not *de minimis* value under *Jordan* and that said value outweighs any burden to Mazzoli.  Mazzoli is correct that Credit One's 30(b)(6) deponent stated it was his "*understanding*"

4

that "once [an account is bought back] the debt collector ceases reporting the account." (Dkt. No. 3 at 3) (emphasis added). Williams, however, notes he seeks to "confirm" "the mechanics of the repurchase (mainly timing)" and accurately establish how Credit One and Resurgent and LVNV's actions directly caused his damages. (*Id.* at 6, 11) ("With the testimony of Mr. Mazzoli, Mr. Williams will be able to seek damages at trial flowing, not just from Credit One's false credit reporting, but also from Resurgent and LVNV's continued false reporting and collection action."). Nowhere in his briefing does Mazzoli dispute he possesses the information Williams seeks. (Dkt. Nos. 2 and 5). Further, Mazzoli nowhere contends that deposition via Zoom about the actions Resurgent takes in response to a fraud buyback by Credit One would be costly in a "dollars-and-cents" way, especially when combined with the fact Williams affirmatively seeks no document production from Mazzoli. *Jordan*, 921 F.3d at 189; (Dkt. No. 3 at 12). In sum, confirming the mechanics and timing of Resurgent's actions in relation to a buyback from Credit One is "important information" relevant to damages which Mazzoli cannot obtain from other parties and which represents little to no burden in a "dollars-and-cents" way to Mazzoli, especially given the limited Zoom deposition Williams seeks. Applying *Jordan*, Mazzoli's motion to quash fails.

### IV. Conclusion

For the reasons stated above, Mazzoli's motion to quash subpoena. (Dkt. No. 1) is **DENIED**.

**AND IT IS SO ORDERED**.

                                    s/ Richard M. Gergel
                                    Richard M. Gergel
                                    United States District Judge

October 16, 2023
Charleston, South Carolina